**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

DELORICE BRAGG, as Administratrix of
the Estate of Don Israel Bragg, and FREDA
HATFIELD, as Administratrix of the Estate
of Ellery Hatfield,

       Plaintiffs,

v.                                 Civil Action No.: 2:10-0683
                                 Judge John T. Copenhaver, Jr.

UNITED STATES OF AMERICA,

       Defendant.

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT UNITED STATES OF AMERICA'S
MOTION TO STAY DISCOVERY AND ALL OTHER PROCEEDINGS
PENDING THE COURT'S RESOLUTION OF DEFENDANT UNITED STATES
OF AMERICA'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

**I.  PLAINTIFFS HAVE NOT CONTESTED THE DECISIONS OF
THE COURTS HOLDING THAT ISSUES RELATING TO SOVEREIGN IMMUNITY
SHOULD BE RESOLVED PRIOR TO COMMENCEMENT OF DISCOVERY**

      The plaintiffs did not cite a single case in their memorandum in response to the United

States' Motion To Stay Discovery And All Other Proceedings Pending The Court's Resolution

Of Defendant United States Of American's Motion To Dismiss Plaintiffs' Complaint ("Motion

To Stay") which disputes the general rule adopted by federal courts that discovery and other

proceedings in a civil case should be stayed pending the resolution of a motion to dismiss which

involves issues of sovereign immunity and lack of subject matter jurisdiction.  See Plaintiffs'

Response Memorandum To The United States Motion To Stay Discovery And All Other

Proceedings Pending The Court's Resolution Of Defendant United States Of American's Motion

To Dismiss Plaintiffs' Complaint ("Plaintiffs' Response Memorandum").  As previously

indicated, the Supreme Court and other federal courts have concluded that Fed.R.Civ.P. 12(b)(6) motions based on sovereign immunity and lack of subject matter jurisdiction should be resolved prior to the commencement of discovery because allowing discovery to proceed prior to such resolution would undermine the very essence of sovereign immunity.  See Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); United States v. Mitchell, 463 U.S. 206 (1983); Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249 (11th Cir. 2004); Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir. 2003); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997). See also Lescs v. Martinsburg Police Department, 138 Fed.Appx. 562, 564, 2005 WL 1607771 (4th Cir. July 11, 2005) ("The district court *was required* to rule on Defendants' dispositive motion to dismiss or for summary judgment raising sovereign and qualified immunity issues prior to allowing any discovery." citing Harlow) (emphasis added).  Also, courts have stated that addressing the sovereign immunity issues at the outset is the most logical course of action, particularly if resolution of the issues could be potentially dispositive.  See Smith v. Reddy, 101 F.3d 351, 357 (4th Cir. 1996); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

Since the plaintiffs have failed to dispute this general rule adopted by federal courts, there is no reason for the rule not to be applied in this case.  The pending Motion To Dismiss involves significant sovereign immunity issues, which, if resolved in favor of the United States, would be dispositive of the case and obviate the need for discovery since the Court would lack subject matter jurisdiction under the FTCA.  While the plaintiffs cite United States v. Olson, 546 U.S. 43 (2005), in their Response Memorandum to try to support their position that the Motion To Stay should be denied, it should be noted that the sovereign immunity and lack of subject matter

jurisdiction issues in <u>Olson</u> were initially addressed prior to the commencement of discovery on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6), including those issues as to whether Arizona law would allow a private tort cause of action based on the allegations in the complaint.  <u>Olson</u>, 516 U.S. at 43-45.  <u>See also</u> <u>Olson v. United States</u>, 362 F.3d 1236, 1238-39 (9th Cir. 2004).  In this case, the outcome on the United States' Motion To Dismiss is likely to be different because this Court has found in a prior case that the allegations in the plaintiffs' complaint are not supported as a cause of action under West Virginia law, and the allegations in the complaint in this case are also subject to dismissal for reasons not involved in <u>Olson</u>.  <u>See</u>  <u>Gunnells v. United States</u>, 514 F.Supp. 754 (S.D.W.Va. 1981); Memorandum In Support of Defendant United States of America's Motion To Dismiss at pp. 5-20 (and cases cited therein).

## II.  THE PLAINTIFFS HAVE NOT DEMONSTRATED THAT THEY WOULD BE PREJUDICED BY A STAY OF DISCOVERY AND ALL OTHER PROCEEDINGS IN THIS CASE PENDING RESOLUTION OF THE UNITED STATES' MOTION TO DISMISS

Plaintiffs appear to contend that since several years have now passed since the fire at the Alma Mine on January 19, 2006, that any further "delay" in this litigation required to resolve the United States' Motion To Dismiss would prejudice them.  Plaintiffs' Response Memorandum at pp. 3-5.  However, some of this "delay" is due to the plaintiffs filing their administrative claim under the FTCA until January 17, 2008, almost two years after the fire and just on the eve of the expiration of the limitations period under the FTCA, 28 U.S.C. §2401(b).  While Plaintiffs are critical of the length of the administrative processing of their FTCA claim by the Department of Labor, they could have initiated a lawsuit in federal court within six months after presenting their

FTCA claim to the Department of Labor, but they failed to do so.  See 28 U.S.C. § 2675(a).

Thus, their claims of delay are disingenuous.

Moreover, plaintiffs have failed to specifically demonstrate that any brief delay in these proceedings would prejudice their case.  While plaintiffs speculate about the health of potential witnesses and the memories of those potential witnesses, plaintiffs admit that they "are without knowledge regarding the general health and continued ability of these witnesses to offer competent testimony."  Plaintiffs' Response Memorandum at p. 4.  There is simply no evidence that the time necessary for the Court to resolve the United States' Motion To Dismiss will be unnecessarily long or result in any prejudice to the plaintiffs.  The decisions of the Supreme Court and other federal courts cited above and in the United States' memorandum in support of its Motion To Stay clearly indicate that the proper path is to first resolve the Motion To Dismiss due to the sovereign immunity and lack of subject matter jurisdiction issues.  The Supreme Court and other federal courts have found no problem with staying discovery and other proceedings in civil cases while addressing sovereign immunity and lack of subject matter jurisdiction issues posed by a motion to dismiss under Fed.R.Civ.P. 12(b)(6) in circumstances similar to this case. In fact, this is the clear preferred procedural method.  Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); United States v. Mitchell, 463 U.S. 206 (1983); Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249 (11th Cir. 2004); Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir. 2003); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997).  See also Lescs v. Martinsburg Police Department, 138 Fed.Appx. 562, 564, 2005 WL 1607771 (4th Cir. July 11, 2005).

## III.  CONCLUSION

For the foregoing reasons and the reasons previously stated in the Motion To Stay and the memorandum filed in support of that motion, the United States respectfully requests that all discovery and other proceedings in this case be stayed until the Court resolves the Motion To Dismiss previously filed by the United States.  The United States also requests such other and further relief as the Court deems appropriate considering the procedural posture of the case and the pending Motion To Dismiss filed by the United States.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney

**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
P.O. Box 1713
Charleston, WV  25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON**

DELORICE BRAGG, as Administratrix of
the Estate of Don Israel Bragg, and FREDA
HATFIELD, as Administratrix of the Estate
of Ellery Hatfield,

        Plaintiffs,

v.                                     Civil Action No.: 2:10-0683
                                     Judge John T. Copenhaver, Jr.

UNITED STATES OF AMERICA,

        Defendant.

## CERTIFICATE OF SERVICE

      I hereby certify that on September 16, 2010, I filed the foregoing **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S MOTION TO STAY DISCOVERY AND ALL OTHER PROCEEDINGS PENDING THE COURT'S RESOLUTION OF DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** via Electronic Case Filing (ECF). Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all CM/ECF participants associated with this case.

Bruce E. Stanley
REED SMITH
Reed Smith Centre
225 Fifth Avenue
Pittsburgh, PA 15222
412/288-7254 Fax: 412/288-3063
Email: bstanley@reedsmith.com

**s/Fred B. Westfall, Jr.**
WV State Bar No. 3992
Assistant United States Attorney
Attorney for United States
P.O. Box 1713
Charleston, WV  25326
Phone: 304-345-2200
Fax: 304-347-5443
E-mail: fred.westfall@usdoj.gov