```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

DELORICE BRAGG,
as Administratrix of the
Estate of Don Israel Bragg, and
FREDA HATFIELD,
as Administratrix of the Estate of
Ellery Hatfield,

      Plaintiffs

v.                                        Civil Action No. 2:10-0683

UNITED STATES OF AMERICA,

      Defendant

## MEMORANDUM OPINION AND ORDER

Pending is the United States' motion to stay discovery and all other proceedings pending a ruling on its motion to dismiss ("motion to stay"), filed September 2, 2010.

I.

On April 28, 2010, plaintiffs Delorice Bragg and Freda Hatfield instituted this action as the Administratrices of the estates of their respective deceased spouses, Don Israel Bragg and Ellery Hatfield. The lives of Mr. Hatfield and Mr. Bragg were lost in a January 19, 2006, fire at the Alma Mine operated by Massey Energy Company through its subsidiary Aracoma Coal

Company. Plaintiffs allege that their spouses perished as a result of the United States' failure to, <u>inter alia</u>, properly administer and enforce the provisions of the Federal Mine Safety and Health Act.

On June 25, 2010, the United States moved to dismiss. In its recently filed motion to stay, the United States contends that inasmuch as it is seeking dismissal primarily on sovereign immunity grounds, discovery should not proceed prior to a ruling on its pending dispositive motion.

II.

Rule 26(c) provides pertinently that, upon timely motion by a party,

> [t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; [or] (B) specifying terms, including time and place, for the disclosure or discovery . . . .

Fed. R. Civ. P. 26(c)(1)(A), (B). Importantly, the Rule vests the court with discretion to stay discovery in advance of deciding a pending dispositive motion. <u>See</u> <u>Thigpen v. United States</u>, 800 F.2d 393, 396-97 (4th Cir. 1986) ("Nor did the court err by granting the government's motion under Fed.R.Civ.P. 26(c) to stay discovery pending disposition of the 12(b)(1) motion. . .

. Trial courts . . . are given wide discretion to control this discovery process . . . .").

As noted by one court, "such a procedure is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." <u>Coastal States Gas Corp. v. Department of Energy</u>, 84 F.R.D. 278, 282 (D.C. Del. 1979). The decision concerning a stay request is guided by a number of factors as follows:

> In considering whether a stay of all discovery pending the outcome of a dispositive motion is warranted, a case-by-case analysis is required, since such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case. To assist in this determination, the Court is guided by the following factors, none of which is singly dispositive: the type of motion and whether it is a challenge as a "matter of law" or to the "sufficiency" of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.

<u>Hachette Distribution, Inc. v. Hudson County News Co., Inc.</u>, 136 F.R.D. 356, 358 (E.D.N.Y. 1991); <u>see</u> <u>also</u> 10A Federal Procedure § 26:335 (2007).

Regarding the type of motion, the United States seeks dismissal on sovereign immunity grounds. The Supreme Court has

observed in the analogous qualified immunity setting that threshold questions of immunity should be resolved in advance of discovery. See Siegert v. Gilley, 500 U.S. 226, 232 (1991).

Regarding the nature and complexity of the action, the regulatory lapses alleged by plaintiffs will doubtless involve significant factual and expert discovery. In the event that the United States' dispositive motion is granted, any resources devoted to those time consuming and expensive efforts would be fruitless.[1]

Having considered the remaining factors, the better course is to stay discovery pending a ruling on the United States' motion to dismiss. The court, accordingly, ORDERS as follows:

1. That the United States' motion to stay be, and it hereby is, granted;

---

[1] The court in no way minimizes plaintiffs' assertion that the testimony of unnamed Mine Safety and Health Administration Employees, now retired, will be necessary. Plaintiffs note that the health of, and ability to recollect by, these witnesses is unknown and may be compromised by the further passage of time. Nevertheless, the court expects to resolve the motion to dismiss in due course, without any excessive passage of time. Should the need arise as to a particular witness, plaintiffs may seek to perpetuate testimony. It is noteworthy, however, that plaintiffs have apparently not resorted to the device found in Federal Rule of Civil Procedure 27 at any time prior to the institution of this action.

2.  That this civil action be, and it hereby is, stayed pending the further order of the court; and

3.  That the scheduling conference set for October 1, 2010, be, and it hereby is, canceled.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: September 29, 2010

_____
John T. Copenhaver, Jr.
United States District Judge

5